**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **ROBERT WILLIAM MARSHALL,** )<br>            )<br>     Petitioner, )<br>            )<br>     v.     )<br>            )<br>**DORA SCHRIRO and** )<br>**ARIZONA ATTORNEY GENERAL,** )<br>            )<br>     Respondents. )<br>_____ ) | CIV 07-01804 PHX PGR (MEA)<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE PAUL G. ROSENBLATT:**

On September 20, 2007, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254. Petitioner filed an amended petition on March 17, 2008. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Docket No. 10) on June 5, 2008. Respondents argue the action for habeas relief was not timely filed and, therefore, that the petition must be denied and dismissed with prejudice.

**I Procedural History**

On June 19, 1997, in CR2006-90796, pursuant to a plea agreement and his prior entry of a guilty plea, judgment was entered and Petitioner was sentenced on one count of attempted sexual conduct with a minor and one count of child molestation,

1  involving a child under the age of 15 years old, his biological
2  daughter, over a period of one and a half years. Answer, Exh.
3  A & Exh. B (respectively Count I and Count III of the four-count
4  indictment).  Petitioner was sentenced to a term of ten years
5  imprisonment on the charge of child molestation, the mandatory
6  minimum sentence, followed by lifetime probation pursuant to his
7  conviction for attempted sexual conduct with a minor. Id., Exh.
8  B.

9        On February 9, 2000, in an action seeking
10 post-conviction relief after conducting an evidentiary hearing,
11 the Arizona trial court vacated Petitioner's convictions and
12 sentences and remanded his case for trial. Id., Exh. C.[1]
13 Petitioner was released on bond pending his re-trial. Id., Exh.
14 C.

15       On August 25, 2000, Petitioner entered a guilty plea in
16 CR2006-90796 to one count of child molestation and one count of
17 attempted sexual conduct with a minor. See id., Exh. D.  On
18 January 17, 2001, Petitioner was sentenced to a term of 13 years
19 imprisonment pursuant to his conviction for child molestation
20 and to a consecutive term of lifetime probation pursuant to his
21 conviction for attempted sexual conduct with a minor, with
22 credit for 1,328 days of pre-sentence incarceration. Id., Exh.

---

[1] At the time of the hearing the state court noted it had previously denied Petitioner's claim of ineffective assistance of counsel and that the hearing was only in regard to whether Petitioner knew at the time he entered his guilty plea to Count III that any prison term imposed would be served as "flat" time. See Answer, Exh. C.

-2-

D.[2]

On April 6, 2001, Petitioner initiated an action for state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. Id., Exh. E. Petitioner's appointed post-conviction counsel filed a pleading in the state court averring that he could find no colorable claims to raise on Petitioner's behalf. Id., Exh. F. The state trial court extended the time allowed Petitioner to file a pro per petition in his Rule 32 action. Id., Exh. G. When no petition was filed by the time allowed by the court, it dismissed the Rule 32 proceeding for Petitioner's failure to prosecute his claims. See id., Exhs. H-I.

Petitioner filed another action for state post-conviction relief on July 19, 2005,[3] which was dismissed by the state trial court as untimely. Id., Exhs. J & K. The state court rejected Petitioner's claim that Blakely rendered his

---

[2] An excerpted transcript of Petitioner's re-sentencing was attached to Petitioner's action for state post-conviction relief stating a Blakely claim. See Answer, Exh. J. The transcript reveals the sentencing judge indicated they were considering as an additional aggravating factor the fact that Petitioner was the victim's father. As establishing a basis for the increased sentence, the re-sentencing court also found that the known impact on the victim was greater than original perceived and that it had become apparent that Petitioner had lied about the "relationship." The sentencing court stated these additional aggravating factors were not known to the original sentencing court.

[3] The petition asserts it is premised on a change in the law. The petition asserts a claim that Petitioner's guilty plea was not knowing and voluntary because he was not informed of his right to have a jury determine the facts regarding his guilt and that his sentence was improper because it was based on facts not found by a jury. The petition for Rule 32 relief also asserts Petitioner was entitled to post-conviction relief because his counsel was unconstitutionally ineffective.

-3-

1 petition timely-filed. Id., Exh. K.

2     Petitioner also filed a state Rule 32 action on February 14, 2006, which was dismissed pursuant to his motion on May 12, 2006. Id., Exh. L. On June 18, 2007, Petitioner filed yet another action seeking state post-conviction relief, which the state trial court dismissed on July 12, 2007, noting it was Petitioner's fifth Rule 32 action. Id., Exh. M. The state trial court found that action for post-conviction relief to be untimely and also stated Petitioner's claims, including claims of judicial and prosecutorial misconduct, were precluded as waived by his failure to raise them earlier. Id., Exh. M.

    One week later, on July 19, 2007, Petitioner again filed another Rule 32 action. Id., Exh. N. In a decision issued August 28, 2007, the state trial court dismissed that action as untimely and as stating precluded claims. Id., Exh. N.

    Petitioner filed his federal petition for habeas corpus relief on September 20, 2007. He filed his amended Petition on March 17, 2008. Petitioner asserts his convictions and sentences were entered in violation of his right to due process of law, including judicial and prosecutorial misconduct in his 2000 and 2001 sentencing proceedings. Petitioner also alleges he was denied his right to a speedy trial and his right to the effective assistance of counsel.

**II Analysis**

**Relevant statute of limitations**

The Petition for Writ of Habeas Corpus is barred by the applicable statute of limitations as found in the Antiterrorism and Effective Death Penalty Act ("AEDPA").

The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). However, the AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2)(2006 & Supp. 2008). See also Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000); Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir. 2008).

Because Petitioner pled guilty and thereby waived his right to a direct appeal, Petitioner's convictions and sentences became final on or about April 17, 2001, ninety days after his re-sentencing, when the time expired for timely seeking state post-conviction relief from this entry of judgment and re-sentencing. See Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007) (holding that, in Arizona, the statute of limitations began to run upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [upon] the expiration of the time for seeking such proceeding or review."). Petitioner had one year from that date, i.e., until April 17,

1  2002, to seek federal habeas relief, not counting any time
2  during which the statute of limitations was statutorily tolled
3  by the pendency of a properly-filed state action for post-
4  conviction relief. Bunney v. Mitchell, 262 F.3d 973, 974 (9th
5  Cir. 2001).

6  Petitioner filed a notice of his intent to seek state
7  post-conviction relief pursuant to Rule 32, Arizona Rules of
8  Criminal Procedure, on April 6, 2001. Accordingly, the statute
9  of limitations regarding Petitioner's federal habeas action was
10 tolled until the conclusion of Petitioner's proceedings
11 regarding his Rule 32 petition. See id. The action for post-
12 conviction relief concluded on October 9, 2001, when the state
13 Superior Court dismissed Petitioner's action for post-conviction
14 relief. The statute of limitations was further tolled for a
15 period of thirty days, until November 8, 2001, when the time for
16 appealing the Superior Court's dismissal of the Rule 32 action
17 to the Arizona Court of Appeals expired. See Gibson v. Klinger,
18 232 F.3d 799, 803-04 (10th Cir. 2000) ("Thus, we hold today
19 that, regardless of whether a petitioner actually appeals a
20 denial of a post-conviction application, the limitations period
21 is tolled during the period in which the petitioner could have
22 sought an appeal under state law."); Swartz v. Meyers, 204 F.3d
23 417, 420-24 (3d Cir. 2000) (holding that, because a judgment is
24 not final until the time for seeking review expires, the word
25 "pending" includes that time period, whether or not such review
26 is sought, and collecting cases so holding). See also
27 Lookingbill v. Cockrell, 293 F.3d 256, 266 (5th Cir. 2002)
28

(collecting cases so holding).

The one-year statute of limitations on Petitioner's federal habeas action ran from November 9, 2001, and expired on November 9, 2002. Petitioner did not have any properly filed action for state post-conviction relief pending in the Arizona state courts throughout that time period. Petitioner's 2005 action for state post-conviction relief could not and did not re-start the expired statute of limitations regarding his federal habeas action. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003), citing Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001); Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). A state-court petition that is filed after the expiration of the statute of limitations under the AEDPA does not revive the running of the limitations period. See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001); Payton v. Brigano, 256 F.3d 405, 408 (6th Cir. 2001). Additionally, the untimely-filed petition did not toll the statute of limitations because a state petition that is not filed within the state's required time limit is not "properly filed." Pace v. DiGuglielmo, 544 U.S. 408, 413, 125 S. Ct. 1807, 1811-12 (2005)

Because Petitioner did not file his federal habeas action within the period specified by the AEDPA, his petition for habeas relief may only considered if the AEDPA's time limitation may be "equitably" tolled in his case. See Harris, 515 F.3d at 1053-54 & n.4; Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001). The Ninth Circuit Court of Appeals has

determined that equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Harris, 515 F.3d at 1055-56 (discussing standard and holding equitable tolling was warranted when the petitioner had relied on prior Circuit Court of Appeals precedent regarding the timely filing of his petition); Malcom v. Payne, 281 F.3d 951, 962 (9th Cir. 2002). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. See Harris, 515 F.3d at 1055 (stating a petitioner's "oversight, miscalculation," or "negligence" would not warrant equitable tolling); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

A federal habeas petitioner seeking equitable tolling must also act with "reasonable" diligence throughout the period he seeks to toll. See e.g., Bryant v. Arizona Attorney Gen., 499 F.3d 1056, 1061 (9th Cir. 2007); Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). It is Petitioner's burden to establish that equitable tolling is warranted in his case. See Bryant, 499 F.3d at 1059-60 (holding the petitioner must establish a causal connection between the cause of his delay and the delay itself).

Petitioner has not met his burden of establishing that there were extraordinary circumstances beyond his control which made it impossible for him to file a timely federal habeas petition, or that any state action was the cause for his failure

-8-

to timely file his federal habeas action. See Pace, 544 U.S. at 418-19; 125 S. Ct. at 1815 (concluding that the petitioner was not entitled to equitable tolling because he was misled or confused about timing of exhausting his state remedies and filing his federal habeas petition); Shannon v. Newland, 410 F.3d 1083, 1090 (9th Cir. 2005) ("Each of the cases in which equitable tolling has been applied have involved wrongful conduct, either by state officials or, occasionally, by the petitioner's counsel."). Compare Sanchez v. Cambra, 137 Fed. App. 989, 990 (9th Cir. 2005), cert. denied, 126 S. Ct. 1333 (2006); Corjasso v. Ayers, 278 F.3d 874, 877-78 (9th Cir. 2002).

Petitioner does not claim he was misled about the statute of limitations or that Respondents acted to inhibit the filing of his federal habeas petition. A petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances justifying equitable tolling. See, e.g., Fisher v. Johnson, 174 F.3d 710, 714–716 (5th Cir. 1999); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (holding that petitioner's misunderstanding of state's "rules, statutes, and the time period set forth therein do not justify equitable tolling").

### III   Conclusion

Petitioner's petition for a writ of habeas corpus is barred by the statute of limitations applicable to it pursuant to the AEDPA. Petitioner has not shown that the circumstances of his case warrant application of equitable tolling so that

this Court may address the merits of his petition for a writ of habeas corpus.

**IT IS THEREFORE RECOMMENDED** that Mr. Marshall's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the

recommendation of the Magistrate Judge.

DATED this 15th day of July, 2008.

_____
Mark E. Aspey
United States Magistrate Judge

-11-